VIOLA ORR RATCLIFF, Plaintiff and Appellant, v. JIM MURPHY and GAIL ANDERSON, Defendants and Respondents.

No. 11199.
Submitted June 21, 1967. Decided July 18, 1967.
430 P.2d 627.

Berg, O'Connell & Angel, Bozeman, Arnold A. Berger, Billings, Charles F. Angel (argued), Bozeman, for appellant.

Longan & Holmstrom, Franklin S. Longan (argued), Billings, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a jury verdict for the defendant, Jim Murphy, on his counterclaim, in an action brought in district court. The plaintiff, Viola Ratcliff, commenced the action, seeking damages for injuries she received when the car, in which she was a passenger, struck two of a number of cattle being driven across a highway by the defendant. The driver of the car, John Ahern, also brought an action for damages, to which action the defendant counterclaimed for the loss of the two cattle. The two actions were consolidated for purposes of trial but on the first day of the trial John Ahern moved to dismiss his action, which motion was granted, but with terms as will appear more particularly hereinafter.

The plaintiff rode with John Ahern, her foster son, from Gardiner, Montana, to Livingston, Montana, on November 22, 1963. John Ahern's purpose in going to Livingston was to transact business for Montana Travertine Quarries, a corporation, of which he was president and the plaintiff was secretary-treasurer. There is conflicting testimony as to whether the plaintiff was aiding in the transaction of corporation business during the trip.

On returning to Gardiner on the evening of the same day, John Ahern drove through Emigrant, Montana, and approxi-

mately a mile and a half south of Emigrant struck the defendant's herd of cattle. At this time, although the sun had set, there was still a little light on the horizon. Mrs. Gail Anderson, who was aiding the defendant in the cattle drive, was in a car stationed on the side of the road fifty yards north of where the cattle were crossing the highway. The car was facing toward the north, which is the direction from which the Ahern vehicle was approaching, and the headlights were on. Testimony indicates that Mrs. Anderson, on noticing the approach of the Ahern car, attempted to warn them of the danger existing by waving a flashlight at them and honking the horn on the car. John Ahern did not respond to the signals until almost on the cattle, at which time it was too late to avoid impact. Estimates of the speed of his car at the time he first responded to the warning ranged from fifty to sixty-five miles per hour. Both the plaintiff and John Ahern received injuries and his car was damaged. Two of the defendants' cattle were killed.

Plaintiff and John Ahern filed separate actions, to which latter action the defendant filed his counterclaim. On stipulation of counsel the two actions were consolidated for trial. A pre-trial order was issued which contained the consolidation and noted the existence of the counterclaim. As previously indicated, on the day of the trial John Ahern moved to have the suit dismissed as to himself and the court granted the motion. An amended pre-trial order was then filed which deleted John Ahern as a party plaintiff, but which retained the allegation that defendant sought damages for the loss of the two cattle. At the opening of the trial the court stated: "This is the time set to try cause No. 11794, and any portions of the other cause that may be necessary, wherein Viola Orr Ratcliff is the plaintiff * * *." The verdict rendered by the jury was as follows: "We, the jury * * * find in favor of the defendant, Jim Murphy, on the counterclaim, and against John Ahern, and award the defendant, Jim Murphy, damages in the sum of $400.00 dollars."

Four issues present themselves on the appeal by the plaintiff.

(1)  On what theory of law is the verdict based?

(2)  Does the verdict foreclose the rights of the plaintiff?

(3)  Against whom is the counterclaim directed and what is its effect? and

(4)  Who is to bear the cost of the transcript on appeal?

We will answer these questions in the order presented including specifications of error.

Issue No. 1. The verdict does not specifically state what point of law it is based on. Had the plaintiff wished the jury to clarify this point he should have requested that the jury be returned to the jury room, with adequate instructions, to specify the theory of law on which the verdict was based. As we see it, there is only one possible theory of law which will support the verdict and we must presume that the jury reached its decision on that theory. The jury could not have found that the defendant was negligent because that would have barred recovery on the counterclaim. They could not have found that the negligence of John Ahern was imputed to the plaintiff because recovery on the counterclaim is directed only against John Ahern. The jury then must have found that the acts of John Ahern were the sole proximate cause of the accident and that neither the defendant nor the plaintiff contributed thereto.

The first three specifications of error raised by the plaintiff are directed toward questions of joint enterprise. But because the verdict must be based on the acts of John Ahern being the sole proximate cause of the accident, and because the weight of the evidence will support such a finding, the first three specifications of error would not affect the verdict nor the substantial rights of the parties, and therefore, under rule 61, M.R.Civ.P., would constitute harmless error.

Further we are not convinced that error occurred. The court refused to give plaintiff's offered instructions 11, 12, 13, and

14 on joint enterprise on the basis that they appeared elsewhere in better form. We find no fault in the instructions actually given on joint enterprise which would cause us to overrule the court on this point.

Instruction 13, given by the court, instructed the jury that "one of the questions for you to determine in this case is whether plaintiff and John Ahern were engaged in a joint enterprise at the time of the accident in question." In the Montana case of Hurly v. Tymofichuk, 139 Mont. 50, 359 P.2d 378, it was held that the district court had not committed error in ruling on joint enterprise as a matter of law, and refusing to submit the question to the jury. However, that case and the present case are distinguishable. In the Hurly case there were no facts in dispute as to any elements which might indicate the existence or nonexistence of a joint enterprise. In this case both the plaintiff and John Ahern impeached themselves in testimony relating to elements of joint enterprise. A question of fact arose requiring submission to the jury for determination. As noted in Blashfield Automobile Law and Practice, § 62.25:

"While the question of what constitutes a joint enterprise or joint adventure is a question of law, the question of whether the driver of an automobile and a passenger therein are engaged in a common enterprise in the legal sense contemplated under this rule so as to render the passenger chargeable with the negligence of the driver is usually one of fact unless the evidence is of insufficient probative force to warrant submission of the issue to the jury."

Issue No. 2. The fifth specification of error is failure by the jury to render a verdict on issues tried in the plaintiff's case. R.C.M.1947, § 93-1301-7, subd. 18, states the following rebuttal presumption "That all matters within an issue were laid before the jury and passed upon by them * * *." We feel that this presumption has not been overcome, that the verdict

is responsive to the issues tried and that it is against the plaintiff.

Even if this were not so the verdict effectively forecloses any further action by the plaintiff. By awarding the defendant a verdict on his counterclaim, the jury has necessarily found the defendant to be without negligence. As he is found to be without negligence, it necessarily follows that he owes no duty to the plaintiff in this fact situation. Since the issue of his negligence has been adjudicated and the plaintiff was a party to the adjudication she would be barred from further action on that issue by the doctrine of res judicata.

Issue No. 3. The fourth specification of error on appeal is that the judgment against the plaintiff could not include the counterclaim raised against the driver, John Ahern. That part of the verdict stating: "We * * * find in favor of the defendant, Jim Murphy, on the counterclaim and against John Ahern * * *.", indicates clearly that the counterclaim is not directed against the plaintiff but only against John Ahern. The question then becomes whether the counterclaim can be imposed on John Ahern in the face of the order of dismissal. We find that it can.

Rule 41(a) (2), M.R.Civ.P., states in part: "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." The district court minutes of March 2, 1966, indicate that the motion to dismiss was granted by oral order of the court but do not indicate whether the court imposed any terms or conditions. We must therefore look to other circumstances and pronouncements to determine if such terms and conditions were in fact applied

which would preserve the counterclaim against John Ahern. The following facts are relevant to this point.

It has been noted that the action brought by John Ahern was consolidated with the action brought by the plaintiff. It was not until the first day of the trial that the attorney for John Ahern, who was also the attorney for the plaintiff, sought to dismiss as to John Ahern. By oral order of the court the motion to dismiss was granted. At this time an amended pre-trial order was filed and this order retained the fact that the defendant sought damages for the loss of his cattle. The district judge opened the proceedings with the following statement. "This is the time set to try Cause No. 11794, and any portions of the other cause that may be necessary, wherein Viola Orr Ratcliff is the plaintiff * * *."

Because the amended pre-trial order preserved the issue of damages to the defendant, because the proceedings included "any portions of the other cause that may be necessary," because the verdict rendered included the counterclaim, and finally, because the same attorney represented both parties to this proceeding, and failed to object to any of the aforementioned, he must have known and the intent of the court clearly was to preserve the question of the counterclaim as against John Ahern for the purposes of the trial in accord with Rule 41(a) (2).

Issue No. 4, The sixth specification of error is that the plaintiff not be required to pay the full cost of the transcript. Under Rule 9(b), M.R.App.Civ.P., an appellant orders "from the reporter a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record." If less than the whole transcript is ordered, he must notify the respondent, informing him of the parts of the proceedings to be included and stating the issues to be raised on appeal. The plaintiff herein, having obtained new counsel subsequent to the trial, brought her appeal and sought a transcript limited to the testimony of four persons. The number of pages covered in

such transcript would have been about forty. Again under Rule 9(b), supra, if the respondent feels that other parts of the proceedings are necessary he may require the reproduction of those other parts of the transcript. The defendant herein ordered the whole transcript produced; a total of 372 pages. The rule further states that the burden of cost of reproduction is on the appellant unless he feels that the part ordered by the respondent is unnecessary for the issues presented. In such case the district court "may impose upon the respondent the cost of producing any part which it deems unnecessary for the determination of the issues."

This rule gives the district court a good deal of discretion in determining what portion of the record is necessary for the appeal and in the absence of a strong showing of abuse of that discretion we will not overturn its determination. We have carefully examined the pleadings, the circumstances, and the rather unique problems of this case and we agree with the decision of the district court requiring the plaintiff appellant to pay all costs of the transcript except as we hereinafter note.

We do find matters included in the transcript which are so obviously outside the scope of any issues raised on appeal that we are compelled to modify the ruling of the district court to that extent. There is included in the transcript testimony by doctors as to the injuries suffered by the plaintiff. This testimony is completely unnecessary for the appeal. The testimony takes up 37 pages of a 372 page transcript. As this comprises about ten per cent of the transcript we ascribe to it ten per cent of the cost of the transcript and order that the defendant reimburse the plaintiff for ten per cent of the total cost of the transcript.

The judgment as modified is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR and JOHN C. HARRISON concur.